KENT S. ROBINSON, OSB # 09625
Acting United States Attorney
District of Oregon
**SCOTT M. KERIN**, OSB # 96512
**JANE H. SHOEMAKER,** CSB # 125815
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
E-mail: Scott.Kerin@usdoj.gov
Jane.Shoemaker@usdoj.gov
      Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR No. 09-336-1-HA |
| v. | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT** |
| **JAMES RAY YOAKUM,** *ET. AL.*, | **JAMES RAY YOAKUM'S MOTION FOR SEVERANCE OF DEFENDANTS** |
| Defendants. | |

      The United States of America, by Kent S. Robinson, Acting United States Attorney for the District of Oregon, through Scott M. Kerin and Jane H. Shoemaker, Assistant United States Attorneys for the District of Oregon, hereby asks the court to deny defendant James Ray Yoakum's motion to sever his trial from that of his seven codefendants.

///

///

///

A.    **Facts.**

The defendants are charged in an 18-count indictment alleging various controlled substances violations. One of the defendants, David Stephens, has not yet been arrested or arraigned. The main change in the case, Count One, alleges that all the defendants jointly engaged in a criminal conspiracy to distribute and possess with the intent to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The conspiracy is alleged to run from no later than 2006 and to have continued through August 31, 2009. The case against the defendants is primarily based upon intercepted calls derived from two wiretaps on defendant Yoakum's phones, controlled purchases of both cocaine and crack cocaine from various defendants, surveillance, and a variety of witnesses to the defendants' illegal activities. The government has produced over 10,000 pages of initial discovery and thousands of intercepted phone calls. The scope of the conspiracy includes acts in both California and Oregon. The government estimates that the trial will last two weeks. Trial is currently set for December 15, 2009. At least one of the co-defendants, Tyrone Williams, has asked for the trial date to be continued. Based upon conversations with attorneys for several of the co-defendants, the government anticipates others will also be seeking continuances of the trial date. Multiple attorneys involved in the case have agreed to join the government's request to declare the case complex under the Speedy Trial Act.

Defendant Yoakum has objected to the requested continuance and in the alternative has asked the Court to sever his trial. The government is opposed to defendant Yoakum's request for

Page 2    **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT JAMES RAY YOAKUM'S MOTION FOR SEVERANCE OF DEFENDANTS**

severance and asks that the Court deny his request, declare the case complex, and set a status hearing to determine a reasonable schedule for all of the parties.

**B.    Defendant's Motion for Severance should be Denied.**

There is no dispute that the defendants in this case were properly joined in the indictment. Defendant Yoakum is asking the court to sever his trial from his co-defendant Tyrone Williams so that he may proceed to trial in a "timely fashion." Defendant's Motion at 2. The Court should deny his motion because the public has a substantial interest in the joint trial of the defendants and the general rule that has developed is that "[d]efendants jointly indicted ordinarily should be jointly tried." *United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.), *cert. denied* 449 U.S. 856 (1980). The rationale is that a joint trial:

> expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burdens upon citizens to sacrifice time and money to serve on juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once.

*United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978).

The Ninth Circuit has found joint trials to be "particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). Additionally, joint trials also serve the interests of justice by avoiding inconsistent verdicts and enabling a more accurate assessment of guilt, *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987), and give the jury "the best perspective on all of the

Page 3     GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
           JAMES RAY YOAKUM'S MOTION FOR SEVERANCE OF
           DEFENDANTS

evidence and therefore increase the likelihood of a correct outcome." *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir.), *cert. denied* 484 U.S. 815 (1987). To warrant severance the defendant must demonstrate that substantial prejudice from a joint trial will result, *e.g.*, the compromise of a defendant's specific trial right or otherwise inadmissible spillover evidence which prevents the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In his motion, defendant asserts that severance is necessary to preserve his Speedy Trial rights. Defendant's arguments are without merit and insufficient to justify severance. The co-defendant's request for a continuance would not violate Mr. Yoakum's Speedy Trial rights, because "an exclusion to one defendant applies to all co-defendants." *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); *see also United States v. Van Brandy*, 726 F.2d 548, 551 (9th Cir. 1984). Furthermore, under the Speedy Trial Act, a continuance as to all the defendants can be granted where the case is deemed complex or simply where the parties need reasonable time to effectively prepare for trial. 18 U.S.C. §§ 3161(7)(A), (B)(ii) and (B)(iv). Here, the government is asking the Court to deny defendant Yoakum's motion for severance, declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and schedule a status conference to pick reasonable motion hearing dates and a trial date. Additionally, 18 U.S.C. § 3161(h)(7)(B)(iv) provides for a continuance where any party, including the government, needs reasonable time for effective preparation for trial. Lastly, 18 U.S.C. § 3161(h)(3)(A) provides for exclusion of time when a defendant (David Stephens) is absent or unavailable.

Defendant's motion for severance should be denied. If severance were granted the result is likely to be multiple week long trials involving a majority of the same witnesses. Given the strong preference for the joint trials of coconspirators based upon interests of judicial economy, avoiding undue inconvenience for the potential jurors required for a second trial, ensuring consistent verdicts, and having to only call witnesses once, the government asks the court to deny defendant's motion for severance.

## Conclusion

For the reasons outlined above, the government asks the court to deny defendant's severance motion.

Respectfully submitted this 8th day of December 2009.

Respectfully submitted,

KENT S. ROBINSON
Acting United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
JANE H. SHOEMAKER
Assistant United States Attorneys